UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                     **DECISION AND ORDER**
                                                                       09-CR-323S
CHAD KOSCHUK,

        Defendant.

## I. INTRODUCTION

On July 29, 2010, after a two-day trial, the jury returned a guilty verdict against Defendant Chad Koschuk on a single-count indictment, which charged him with retaliating against a witness in an official proceeding in violation of 18 U.S.C. §§ 1513(b)(1) and (2).

Presently before this Court is Defendant's post-trial motion seeking a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or alternatively, a new trial pursuant to Rule 33.[1] The government opposes the motion. For the reasons discussed below, Defendant's motion is denied in its entirety.

## II. BACKGROUND[2]

Defendant was convicted of threatening bodily injury to an individual named Jason Macken, in retaliation for Macken providing information to federal law enforcement. Macken is a former member of the Chosen Few Motorcycle Club. Defendant's father, Alex

---

[1] The submissions relevant to this motion are docket numbers 95 and 96.

[2] As counsel did in their motion papers, this Court assumes familiarity with the pretrial proceedings and trial evidence.

1

Koschtschuk is a current member and president of the Chosen Few.

During ongoing investigation into the Chosen Few, federal agents interviewed Macken about allegations that Koschtschuk extorted him out of $9,300 when he left the club. This interview occurred on June 17, 2009, and the information Macken provided led to the grand jury returning a third superseding indictment against Koschtschuk and other members of the Chosen Few on September 8, 2009, the second racketeering act of which included Koschtschuk's alleged extortion of Macken.

Three days after return of the third superseding indictment, Defendant encountered Macken outside a local convenience store, where Macken and three of his employees were having lunch at a picnic table. As Defendant entered the store, he saw Macken and warned him to "quit saying shit about my Dad [Koschtschuk]," or words to that effect. On the way out of the store several minutes later, Defendant again engaged Macken and told him that he was going to "fuck him in the ass while pulling his ponytail."

## III.  DISCUSSION

**A.    Rule 29**

Rule 29(a) provides, in pertinent part, that upon the defendant's motion, a court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The focus of a Rule 29 motion therefore falls on the sufficiency of the evidence presented in the government's case-in-chief. See United States v. Saneaux, No. 03 CR 781, 2005 WL 2875324, at *2 (S.D.N.Y. Nov. 1, 2005).

A defendant challenging the sufficiency of the evidence bears a heavy burden. See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000); United States v. Walker, 142 F.3d 103, 112 (2d Cir.1998). A district court may enter a judgment of acquittal on the

2

grounds of insufficient evidence only if "after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002); see also United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Skinner, No. 03-CR-11, 2005 WL 782811, at *1 (W.D.N.Y. Apr. 6, 2005). Stated another way, "the court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is non-existent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (citation and quotation omitted).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." See Reyes, 302 F.3d at 52. The court is not permitted to "substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Guadagna, 183 F.3d at 130 (internal quotations and citations omitted). The court must give "full play" to the jury's credibility determinations, weighing of the evidence, and drawing of justifiable inferences of fact. See United States v. Spadoni, No. 00-CR-217, 2005 WL 2275938, at *3 (D. Conn. Sept. 15, 2005) (citing Guadagna, 183 F.3d at 129).

To sustain its burden at trial, the Government had to prove beyond a reasonable doubt that Defendant (1) threatened to engage in conduct that would cause bodily injury to Macken, and (2) acted knowingly and with specific intent to retaliate against Macken for Macken's attendance and testimony as a witness before the federal grand jury or for Macken providing information to law enforcement about the commission or possible commission of a federal offense.

3

Defendant argues that there was no proof presented at trial that Defendant knew that Macken had attended or testified at an official proceeding or provided information to law enforcement about the commission of a federal crime. Thus, Defendant argues, there was no proof that Defendant had the specific intent to retaliate against Macken.

In support of this argument, Defendant states that FBI Agent Thomas Palmer testified that he never advised Defendant that Macken was a government witness, nor did he have evidence that Defendant's parents knew of the return of the third superseding indictment before the incident on September 11, 2009. He also relies on the evidence that Macken's employees also did not know that Macken was a government witness.

This Court finds Defendant's argument unpersuasive. Having presided over this trial and having heard the Government's evidence, this Court is fully satisfied that the Government's proof was sufficient on each and every element to support the jury's guilty verdict. This conclusion is particularly inescapable when the evidence and all reasonable inferences are considered in the light most favorable to the Government, as is required under Rule 29. See Reyes, 302 F.3d at 52.

Although it is true that Palmer testified that there was no direct evidence that Defendant knew that Macken was a government witness, the government introduced evidence that just three days before the incident, Defendant's father was named in a third superseding indictment, which included the alleged extortion by Defendant's father of Macken. Moreover, the government introduced evidence that Defendant referenced Macken "talking shit" about his father just before his threat to harm Macken.

This is sufficient circumstantial evidence from which the jury could conclude that Defendant knew that Macken provided information to law enforcement about his father and retaliated against him for it. See United States v. Glenn, 312 F.3d 58, 64 (2d Cir. 2002)

("the prosecution may prove its case entirely by circumstantial evidence so long as guilt is established beyond a reasonable doubt"); United States v. Sureff, 15 F.3d 225, 228 (2d Cir. 1994) (finding that conviction may be based on circumstantial evidence). The jury could directly infer Macken's knowledge from the evidence presented; no inferential leap of any significant distance was required. Cf. Glenn, 312 F.3d at 70 (noting that "as the inferential leap between the fact and the proposition to be derived grows, the probative value of the [circumstantial] evidence diminishes").

Accordingly, Defendant's request for a judgment of acquittal is denied.

**B.      Rule 33**

Rule 33 authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Eberhart v. United States, 546 U.S. 12, 13, 126 S.Ct. 403, 403, 163 L.Ed.2d 14 (2005) (per curiam). While the standards governing Rule 29 and Rule 33 motions are similar, the Second Circuit has commented that "[g]enerally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (citation and quotation omitted); see also United States v. Costello, 255 F.2d 876, 879 (2d Cir. 1958) ("it is well-settled that motions for new trials are not favored and should be granted only with great caution").

In determining whether a new trial is required, "[t]he district court must strike a balance between weighing the evidence and credibility of witnesses and not 'wholly usurping' the role of the jury." United States v. Schlesinger, 390 F.Supp.2d 274, 275 (E.D.N.Y. 2005) (quoting Ferguson, 246 F.3d at 133, 134). Generally, trial courts "must

defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses."  United States v. LeRoy, 687 F.2d 610, 616 (2d Cir. 1982).  It is only in exceptional circumstances that the court may invade the jury's function in this regard.  See Ferguson, 246 F.3d at 133-134 (citing United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992)).  Exceptional circumstances may be found, for example, where the trial testimony or evidence is "patently incredible or defies physical realities."  Sanchez, 969 F.2d at 1413.

> The Second Circuit has set forth the relevant considerations as follows:
>
>> The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice.  The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict.  The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation.  There must be a real concern that an innocent person may have been convicted.

Id.

Defendant argues that he is entitled to a new trial because Agent Palmer suggested during his testimony that Defendant had previously threatened or confronted a government witness.  This, according to Defendant, unfairly prejudiced him because the jury may impermissibly have viewed it as propensity evidence.

Defendant moved before trial to preclude the government from offering testimony of this nature.  Before Defendant's September 11, 2009 interaction with Macken, an incident occurred between Defendant and David Ignasiak, another individual expected to testify against the Chosen Few.  Defendant allegedly confronted Ignasiak in August 2009, which subsequently prompted Agent Palmer to visit Defendant and warn him not to intimidate or harass government witnesses.

6

This Court ruled that the government could not introduce evidence concerning the confrontation between Defendant and Ignasiak, but could elicit limited testimony that Palmer had previously warned Defendant about interacting with government witnesses.

Although Defendant does not set forth the exact line of questioning that he now argues was unfairly prejudicial, it appears that he is referencing testimony elicited by his own lawyer on cross-examination. This testimony concerned whether Palmer had warned Defendant to stay away from just Ignasiak, or all government witnesses. In response to defense counsel's questions, Palmer testified, without naming Ignasiak, that he advised Defendant to stay away from a particular government witness, and that his written memorialization of his conversation with Defendant did not reflect that he warned Defendant to stay away from all government witnesses because at the time, there was only one specific individual with whom Defendant had a prior incident.

Defense counsel did not object to Palmer's testimony, and in fact, continued with examination in this area even after Palmer indicated that Defendant was advised to stay away from a government witness. This Court's pretrial ruling was not violated because the government did not elicit this testimony, nor did the testimony concern the specific nature of the interaction between Defendant and Ignasiak. The jury already heard that Defendant was warned to stay away from government witnesses, and Palmer's testimony on cross examination on that subject therefore did not unfairly prejudice the jury against him.

Accordingly, Defendant's argument in support of a new trial fails. Because Defendant has failed to establish any miscarriage of justice, this Court finds no cause to grant him a new trial.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion seeking a judgment of acquittal or a new trial is denied.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for Acquittal or a New Trial (Docket No. 95) is DENIED.

SO ORDERED.

Dated:  November 18, 2010
       Buffalo, New York

                                         /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                             Chief Judge
                                    United States District Court