UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 09-CR-323S

CHAD KOSCHUK,

                          Defendant.


1. Presently before this Court is Defendant's Motion for Bond, wherein he requests release from custody pending appeal of his conviction and sentence for retaliating against a witness in an official proceeding in violation of 18 U.S.C. §§ 1513(b)(1) and (2). On November 22, 2010, this Court sentenced Defendant to, *inter alia*, an 18-month term of imprisonment. Defendant filed his Notice of Appeal on December 2, 2010. For the following reasons, Defendant's motion is granted.

2. Detention pending appeal is mandatory for any person convicted of a crime of violence and sentenced to a term of imprisonment. See 18 U.S.C. § 3143(b)(2). Defendant concedes that his conviction meets the definition of a crime of violence found in 18 U.S.C. § 3156(a)(4), and it is undisputed that Defendant was sentenced to a term of imprisonment.

3. Nonetheless, release pending appeal is permitted by 18 U.S.C. § 3145 (c) — notwithstanding mandatory detention under 18 U.S.C. § 3143(b)(2) — if the requirements of 18 U.S.C. § 3143 (b)(1) are met and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." See United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

4. Eighteen U.S.C. § 3143 (b)(1) permits release of an individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

5. As to the first prong, the government concedes that Defendant is not a flight risk. (See Docket No. 104.) In addition, despite the nature of his conviction, this Court finds by clear and convincing evidence that Defendant does not pose a danger to the community at large. Defendant does not have a history of violence, nor did the incident underlying his conviction involve actual physical contact or violence. Moreover, Defendant was released on home confinement and curfew during the pendency of this case, and he largely complied with his release conditions.

6. As to the second prong, this Court finds that the appeal is not a delay tactic and raises substantial questions of fact and law that if successful, would likely result in reversal of Defendant's conviction or a new trial. To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous. It is a close question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985). Here, although this Court is of the view that the evidence

2

presented at trial was sufficient to sustain Defendant's conviction and establish that he knowingly threatened Jason Macken with the intent to retaliate against him for testifying against his father, this Court recognizes the possibility that reasonable minds could differ in that assessment. Defendant's appeal therefore presents a substantial question for purposes of evaluating his instant request for release.

7. Finally, this Court finds the presence of exceptional circumstances that make Defendant's detention at this pont inappropriate. Whether exceptional circumstances exist under § 3145 is a flexible inquiry that is left to the court's discretion. See United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004). Courts may find exceptional circumstances "where there is an 'unusual legal or factual question,' or where there is 'a merely substantial question . . . in the presence of one or more remarkable and uncommon factors.'" United States v. Bonczek, No. 08 Cr. 361 (PAC), 2009 WL 2924220, at *3 (S.D.N.Y. Sep. 8, 2009) (quoting DiSomma, 951 F.2d at 497).

8. Here, there is both a substantial question on appeal and the presence of uncommon factors. First, there is a close question whether the nature of the conduct that Defendant engaged in, though technically in violation of the statute, is the type of conduct that Congress envisioned when it enacted 18 U.S.C. §§ 1513(b)(1) and (2). This makes this case unique. Second, Defendant suffers from mental health issues. Although his mental health issues are no bar to him serving his sentence as imposed, they would be unnecessarily exacerbated if he is required to begin serving his sentence and his appeal is ultimately successful. This is especially true given the nature of his issues — panic disorder, agoraphobia, post-traumatic stress disorder, anxiety, and major depressive disorder recurrent. Third, Defendant's mental health treatment, which has reportedly been

successful to-date, would be unnecessarily halted if Defendant begins serving his sentence and his appeal is successful. Consequently, this Court finds that there exist exceptional reasons why Defendant's detention during the pendency of his appeal would not be appropriate.

9. Accordingly, for the reasons stated above, Defendant's Motion for Bond will be granted and he will be released with conditions pending appeal pursuant to 18 U.S.C. § 3145 (c).

IT HEREBY IS ORDERED, that Defendant's [110] Motion for Bond is GRANTED.

FURTHER, that the United States Marshal Service shall release Defendant from custody as soon as practicable.

FURTHER, that Defendant shall report to the United States Probation Department within 72 hours of his release.

FURTHER, that Defendant is released on the same conditions that were imposed during his pretrial release.

Dated:   December 3, 2010
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                  Chief Judge
                                             United States District Court