UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CHAD KOSCHUK,

                  Defendant.

**DECISION AND ORDER**
12-CV-1262S
09-CR-323S

## I. INTRODUCTION

On July 29, 2010, after a two-day trial, the jury returned a guilty verdict against Defendant Chad Koschuk on a single-count indictment, which charged him with retaliating against a witness in an official proceeding in violation of 18 U.S.C. §§ 1513(b)(1) and (2). Defendant was sentenced on November 22, 2010 to an eighteen-month term of imprisonment. Following his appeal, the Second Circuit Court of Appeals affirmed Defendant's conviction.

Presently before the Court are Defendant's Motion for a New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, both motions are denied.

## II. BACKGROUND

Defendant was convicted of threatening bodily injury to an individual named Jason Macken, in retaliation for Macken providing information to federal law enforcement. Macken is a former member of the Chosen Few Motorcycle Club. Defendant's father, Alex

1

Koschtschuk, is a current member and president of the Chosen Few. During an ongoing investigation into the Chosen Few (the "Chosen Few prosecution"), federal agents interviewed Macken about allegations that Koschtschuk extorted $9,300 from him when Macken left the club. This interview occurred in June 2009, and the information Macken provided led to the grand jury returning a third superseding indictment against Koschtschuk and other members of the Chosen Few on September 8, 2009, the second racketeering act of which included Koschtschuk's alleged extortion of Macken.

Three days after return of the third superseding indictment in the Chosen Few prosecution, Defendant encountered Macken outside a local convenience store, where Macken and three of his employees were having lunch at a picnic table. As Defendant entered the store, he saw Macken and stated, "There is the mother fucker saying shit about my dad [Koschtschuk]," or words to that effect. (Trial Transcript ("Tr.") 194.) On the way out of the store several minutes later, Defendant again engaged Macken, "talking about pulling [his] hair and fucking [him] in the ass." (Tr. 166.)

### III. DISCUSSION

**A.    Rule 33**

Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court has broad discretion to grant a new trial under this rule, but "it nonetheless must exercise the Rule 33 authority 'sparingly' and only in 'the most extraordinary circumstances.' " United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir.1992)). "The ultimate test on a Rule 33 motion is whether

2

letting a guilty verdict stand would be manifest injustice. . . . There must be a real concern that an innocent person may have been convicted." Ferguson, 246 F.3d at 134 (internal quotation marks omitted). A reviewing court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. Sanchez, 969 F.2d at 1414 (internal quotation marks omitted).

Defendant's present Rule 33 motion requests a new trial based on newly discovered evidence. See Fed. R. Cr. P. 33 (b)(1)(a Rule 33 motion based on newly discovered evidence my be brought within three years after a guilty verdict). "A new trial based on newly discovered evidence may be granted 'only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal.' " United States v. Owen, 500 F.3d 83, 87 (2d Cir. 2007) (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir.1980)), *cert denied,* 552 U.S. 1237 (2008).

In the instant case, the purported new evidence submitted by Defendant is a November 6, 2012 notarized statement from complainant Jason Macken that states:

> Regarding the case against [Defendant]. The incident took place in September of 2009 at an Alden NY convenience store. Almost 3 years to the date of the incident, I have heard that [Defendant] has been incarcerated. On the date of the incident, I did as I was instructed by authorities and reported the incident. At that time, I did not feel threatened or intimidated by [Defendant], nor have I in the past three years. I felt more intimidated by the Federal Government during this process. I did not want to testify against him but was told I would be subp[oena]ed to do so and if I did not cooperate with them, I would be indicted. This is the reason I did and said what was instructed by authorities.

(Decl. of Att'y Timothy P. Murphy, Esq, Ex. C, Docket No. 138.) Defendant argues that, when this statement is considered with the "highly suspect" proof of his guilt at trial, it would

3

be a miscarriage of justice to allow his conviction to stand and a new trial is warranted.

Defendant therefore frames Macken's recent statement as a recantation of his earlier trial testimony. In order for an alleged witness recantation to warrant a new trial, (1) the testimony recanted must be false and material; (2) the jury probably would have acquitted the defendant without the original testimony; and (3) the defendant was surprised when the false testimony was given or did not know of its falsity until after the trial, and could not with due diligence discovered it earlier. United States v. DiPaolo, 835 F.2d 46, 49 (2d Cir. 1987). Further, "recantations are 'looked upon with the utmost suspicion,' " United States v. Schlesinger, 438 F. Supp. 2d 76, 101 (E.D.N.Y. 2006) (quoting DiPaolo, 835 F.2d at 49; internal quotation marks omitted), and "even where newly discovered evidence indicates perjury, motions for new trials 'should be granted only with great caution and in the most extraordinary circumstances.' " United States v. Stewart, 433 F.3d 273, 296 (2d Cir.2006) (quoting Sanchez, 969 F.2d at 1414).

In his statement, Macken never expressly states that any part of his prior trial testimony was false, and his current assertions are not clearly inconsistent with that testimony. At trial, he testified that he "was offended" by Defendant's statements to him and that he "took it as a threat." (Tr. 166.) Macken further testified, however, that he also threatened Defendant in return using similar language. (Tr. 172.) He testified on direct examination that "I think [I said] I was going to kick his ass, fuck him. I don't remember. It was back and forth."(Tr. 172.) In response to counsel's question on cross-examination, Macken responded, "you're damn right I threatened him back," and although he did not go after Defendant, he was "[s]ure as hell" considering it. (Tr. 191.) This testimony is consistent with Macken's current statement that he did not feel intimidated by Defendant.

4

(Murphy Decl. Ex. C.) The November 2012 statement is therefore merely cumulative to the evidence that was before the jury at trial. It cannot therefore be concluded that the jury probably would have acquitted Defendant with the new statement. DiPaolo, 835 F.2d at 49. Defendant's motion for a new trial based on newly discovered evidence is therefore denied.

**B.     Defendant's § 2255 Motion**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). The Second Circuit has held that a " 'collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.' " Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)); see Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010) (the term 'sentence' in § 2255 is read to include a challenge to a 'judgment').

In his motion for relief pursuant to § 2255, Defendant argues that: (1) he was denied the effective assistance of counsel; (2) the Government failed to turn over requested

5

exculpatory materials in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); and (3) he was subjected to selective prosecution in violation of his equal protection rights under the Fourteenth Amendment.

### 1. *Ineffective Assistance*

An ineffective assistance of counsel claim may be raised in a § 2255 motion despite the failure to raise such a claim on direct appeal. Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003); Yick Man Mui v. United States, 614 F.3d 50, 53-55 (2d Cir. 2010).

> [I]n order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he "must show that counsel's performance was deficient," so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011)(quoting Strickland v. Washington, 466 U.S. 668, 687, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); internal citations omitted). There is a strong presumption that a trial counsel's conduct falls within the range of reasonable professional assistance and, absent the complete lack of tactical justification, courts will generally not second-guess strategic decisions. United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005).

Defendant first argues that trial counsel was ineffective for his failure to adequately cross-examine a witness. At trial, FBI Agent Thomas Palmer testified on direct examination that he advised Defendant on August 18, 2009, that he "should not harass, threaten, or try to intimidate" any government witnesses. (Tr. 133-34, 137.) On cross-

examination, defense counsel elicited testimony that, according to a record of that conversation, Defendant had not been given a general warning regarding government witnesses, but was told to stay away from a specific person that Defendant "had an incident with prior." (Tr. 147.) Neither that individual's name nor the circumstances of the prior incident were discussed at trial.

Defendant now argues that the unnamed individual in this prior incident was David Ignasiak, who he describes as a "star witness and confidential informant" in the Chosen Few prosecution. (Def's Mem of Law at 2-5, Docket No. 139.) Defendant asserts that, at the time of trial, defense counsel had an October 19, 2009 memo from the Lancaster Police Department stating that Defendant "charged David Ignasiak with Harassment 2nd, section 240.26PL. The subject appeared in the Town of Lancaster Court and subsequently received an ACD for the charges." (Ex. D to Def's 2255 Application, Docket No. 139.) Because trial counsel failed to use this information in cross-examination, Defendant argues that the jury was left with the false impression that Defendant had previously threatened another government witness.

It is clear from the record that counsel's strategy at trial was to undermine the government's circumstantial proof that, at the time of the incident, Defendant knew that Macken had testified against his father in a grand jury proceeding. (See Tr. 198 (arguing that the government failed to establish Defendant knew that Macken was in fact a government witness.)) Trial counsel's limited cross-examination brought out the fact that Agent Palmer never mentioned Macken specifically in his warning and avoided eliciting any facts that would establish a connection between Defendant and the 'star witness' in the Chosen Few prosecution. Because the avoidance of a connection between Defendant and

7

the prosecution in which Macken testified is a legitimate strategic reason for counsel's decision to limit cross-examination, the belated second-guessing of that strategy is insufficient to support a claim of ineffective assistance of counsel. Cohen, 427 F.3d at 170-71 .

   2.   *Brady violations*

Initially, contrary to Defendant's assertion, this claim is procedurally barred. Pizzuti v. United States, 809 F. Supp. 2d 164, 178, 180 (S.D.N.Y. 2011). A defendant may not raise claims in a § 2255 motion that could have been, but were not, raised on direct appeal absent a cause for the omission and prejudice resulting therefrom. United States v. Perez, 129 F.3d 255, 260-61 (2d Cir. 1997), *cert denied*, 525 U.S. 953 (1998); Pizzuti, 809 F. Supp. 2d at 178. Defendant offers no argument addressing the omission or possible prejudice.

In any event, Defendant's contention that the Government was obligated to turn over materials from the Chosen Few prosecution is based on the erroneous assertion that the validity of Defendant's conviction here is tied to the merits of that proceeding. Defendant highlights inconsistencies stemming from a Title III warrant application filed in the Chosen Few prosecution related to Ignasiak's involvement in a 2008 assault. This information is irrelevant to the issues in Defendant's trial: whether Defendant knew Macken testified in a grand jury proceeding and threatened bodily harm against Macken in retaliation for that testimony. See 18 U.S.C. § 1513(b). Similarly, the fact that the Chosen Few prosecution was ultimately dismissed in December 2011 is of no moment.

   3.   *Selective Prosecution*

Defendant contends that, in light of dismissal of the Chosen Few prosecution due

to "expansive and underlying corruption,"[1] his conviction "is akin to an Equal Protection violation under the Fourteenth Amendment." (Def's Mem of Law at 8.) This argument was also not raised on direct appeal. Defendant nonetheless attempts to avoid the procedural bar by arguing that counsel was ineffective for failing to raise this issue. In any event, this contention is without merit. As framed in his Memorandum of Law, "the only reason why there was a pending grand jury investigation wherein Mr. Macken was a witness was because of the now defunct Chose[n] Few prosecution. Take away [that] . . . federal prosecution, and Defendant's conduct, even if true, becomes no more than a town court harassment charge – if that." (Id. (emphasis removed).) This reasoning is nonsensical because, as noted above, it assumes that a prerequisite for a witness retaliation conviction is the success of the underlying prosecution in which that witness appeared. Accepting this argument would, for example, reward defendants whose retaliation for testimony in grand jury proceedings directly resulted in the failure of the criminal proceeding in which that witness testified. Such a result is unacceptable.

Further, selective prosecution is found where a defendant has been singled out for prosecution where "others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against [the defendant]." United States v. Fares, 978 F.2d 52, 59 (2d Cir. 1992). Here, the underlying conduct is threatening physical harm in retaliation for witness testimony. None of the Chosen Few defendants were charged with witness retaliation in that action, thus it cannot be concluded

---

[1] Defendants in the Chosen Few prosecution moved for dismissal based on 'outrageous government conduct,' and hearings were held on the matter, however, the Government dismissed the indictment due to "recent developments impacting the reliability of certain evidence underlying the pending Indictment" in that action prior to resolution of the motions to dismiss. (No. 09-CR-096, Docket Nos. 386, 588, 634.)

that Defendant was impermissibly singled out for prosecution for this conduct.

*4. Certificate of Appealability*

For a certificate of appealability to issue, Defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," it must be established that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied* 538 U.S. 950 (2003). No such showing has been made here.

## IV. CONCLUSION

Defendant failed to establish that Macken recanted his trial testimony or that a new trial is otherwise warranted, and his Rule 33 motion is therefore denied. Similarly, in the absence of a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact constituting a fundamental defect, Defendant's Motion to Vacate, Set Aside or Correct his Sentence pursuant to § 2255 is also denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for a New Trial pursuant to

Federal Rule of Criminal Procedure 33 (Docket No. 138) is DENIED;

FURTHER, that Defendant's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 139) is DENIED;

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED;

FURTHER, that the Clerk of the Court is directed to close 12-CV-1262S.

SO ORDERED.

Dated: February 18, 2013
      Buffalo, New York

                                            /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                   Chief Judge
                                          United States District Judge